UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A.A. by and through his Parents
and Next Friends, E.A. and M.A.,

    Plaintiff,

v.                                             Civil Case No. 16-14214

Walled Lake Consolidated Schools,      Sean F. Cox
                                                    United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER**
**DENYING DISTRICT'S MOTION TO COMPEL EXAMINATION OF STUDENT**
**AND GRANTING, IN PART, PLAINTIFF'S MOTION**
**TO EXCLUDE THE DISTRICT'S EXPERTS**

Plaintiff A.A. ("the Student"), by and through his Parents and Next Friends, E.A. and M.A. ("the Parents") filed this action against Defendant Walled Lake Consolidated Schools (the "District"). After having litigated a dispute over the proper placement of the Student in the Defendant school district before an administrative law judge, Plaintiff filed this action against the District under the Individuals with Disabilities Education Act, 20 U.S.C. § 1401 *et seq*. ("the IDEA"). The District wants the Student placed in a classroom for cognitively impaired students at the District's Meadowbrook Elementary School (a "CI Classroom"), while the Student's Parents disagree and want him placed in a general education classroom at the District's Keith Elementary School.

The matter is before the Court as to two discovery motions: 1) the District's motion seeking to compel a mental and physical examination of the Student; and 2) Plaintiff's Motion to

1

Exclude the Districts' experts and their reports. Both motions were heard on April 5, 2017. As explained below, the Court shall DENY the District's motion seeking to compel an examination of the Student and shall GRANT Plaintiff's Motion to Exclude the District's Experts and their Reports, to the extent that the Court shall strike the "expert reports" provided by the District in this matter and shall limit the testimony that may be offered by the District's experts to: 1) the facts and opinions upon which they testified to during the administrative hearing; and 2) the facts and opinions upon which they testified to during their depositions in this case.

**BACKGROUND**

The Student and his parents live within the District's geographical boundaries. The Student is a child with Down syndrome and Speech Apraxia.

In May of 2015, the District addressed the Student's placement and services for the 2015-2016 school year. The District's May 2015 IEP placed the Student in a CI classroom for cognitively impaired students at the District's Meadowbrook Elementary School. The Student's Parents disagreed with that IEP and wanted the Student to be placed in a general education classroom at the District's Keith Elementary School.

On April 1, 2016, the District filed for a due process hearing, to resolve the dispute over the Student's placement. The District's due process complaint was forwarded to the Michigan Administrative Hearing System for hearing and was assigned to Administrative Law Judge Kandra Robbins.

On September 2, 2016, the ALJ issued her "Decision And Order" (D.E. No. 5-2) wherein she concluded in the District's favor that the Student should be educated in the CI Classroom at Meadowbrook.

On December 1, 2016, Plaintiff filed this action in federal court. The District filed a Motion to Dismiss, which this Court denied in an Opinion & Order on June 15, 2016.

The Second Scheduling Order, issued in this matter on December 14, 2017, provides that: 1) witness lists were due February 1, 2018; 2) Discovery closes March 1, 2018, and any discovery motions are due two weeks before that (February 15, 2018); 3) dispositive motions are due April 2, 2018; and 4) final pretrial conference is August 21, 2018. (D.E. No. 74).

On February 1, 2018, Plaintiff filed a Witness List and "Designation of Experts and Disclosure of Expert Testimony" pursuant to Fed. R. Civ. P. 26(a)(2). It named two experts: 1) Dr. Carol Quick, who had previously testified at the administrative hearing; and 2) Dr. Kathleen Whitbread, Ph.D. Plaintiff provided a detailed report from Dr. Whitbread, that explains what her opinions are and why she holds them. (D.E. Nos. 76 & 77). As to Dr. Quick, Plaintiff advised the District that "[h]er testimony is set forth in the due process hearing." (D.E. No. 78 at Pg ID 2829).

On February 1, 2018, the District filed its Witness List (D.E. No. 77), wherein it identified two "expert witnesses," that it may call at trial: 1) Aubry Dodge; and 2) Dr. Laurie Lundblad. (D.E. No. 77 at Pg ID 2826-27).

On February 2, 2018, the District filed "Expert Reports" from Dr. Laurie Lundblad and Aubry Dodge, without the signatures of either of the experts. The District later re-filed those same reports on February 8th and 12th, with the signatures of those persons. (D.E. Nos. 81 & 82).

# ANALYSIS

## I. The District's Motion To Compel Mental And Physical Examination Of The Student

On February 15, 2018, the District filed a "Motion To Compel Physical and Mental Examination" of the Student. The District asks this Court to compel Plaintiff to allow the District's expert, Dr. Laurie Lundblad, to conduct an examination of the Student. The District does not specify which tests they wish her to be able to administer, broadly defining the scope of the requested examination as:

> **Scope.** The examination of the Student's cognitive ability will consist of appropriate psychological tests, including, but not limited to, tests to determine the Student's IQ. The examination will also determine the academic, behavioral, and intellectual growth, or lack therefo, by comparing the results with past results of similar testing.

(D.E. No. 83 at Pg ID 2910).

Plaintiff opposes the motion, arguing, among other things, that the District does not have good cause for more testing because the District already has the information it seeks because it has already subjected the Student to extensive testing and observation.

At the April 5, 2018 hearing, this Court confirmed with Plaintiff's Counsel that it is the Plaintiff's position that there has been no change in the Student's mental or physical status since September of 2016.

Counsel for the District then stated that, given Plaintiff's position, the District has no need for any additional evaluations of the Student.

Accordingly, this motion shall be denied as moot.

**II.     Plaintiff's Motion To Exclude The District's Experts And Their Reports**

Under Fed. R. Civ. P. 26, each party must disclose the identity of any witness the party intends to use as an expert witness at trial.  Fed. R. Civ. P. 26(a)(2)(A).

The District's February 1, 2018 Witness List identifies two "expert witnesses," that it may call at trial: 1) Aubry Dodge; and 2) Dr. Laurie Lundblad.  (D.E. No. 77 at Pg ID 2826-27).

Rule 26 governs when disclosed experts must provide a written report regarding their opinions.  Fed. R. Civ. P. 26(a)(2)(A)-(C).  There are two types of experts addressed in Rule 26:

> First, if an expert has been retained or specially employed to provide expert testimony, or the individual is one whose duties as the party's employee regularly involves giving expert testimony, an expert report is required. This report must be written, prepared and signed by the expert witness. Fed. R. Civ. P. 26(a)(2)(B). The report must contain a complete statement of all expert opinions, including the basis and reasons for each opinion, "facts or data" considered by the expert in forming the opinions, exhibits the expert will use to summarize or support opinions, the expert's qualifications including publications authored in the previous 10 years, a list of cases during previous 4 years in which the witness testified as an expert at trial or deposition, and a statement about the amount of the expert's compensation. Fed. R. Civ. P. 26(a)(2)(B). These disclosure requirements may be modified by agreement or court order. Fed. R. Civ. P. 26(a)(2)(B).
>
> Second, if the expert is not required to provide a written report under Federal Rule 26(a)(2)(B), the offering party must still disclose the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703, or 705, and provide a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

FEDERAL TRIAL HANDBOOK CIVIL § 5:4.Expert disclosures, (4th ed.).

Plaintiff asserts that the District failed to provide an expert report in accordance with Rule 26.  Plaintiff notes that the reports the District initially filed were not drafted by the experts or signed by them.  Plaintiff further notes that even the ones filed later do not have the facts and opinions about which the expert will testify.  Plaintiff asks the Court to strike the District's

5

experts and their reports.

In response, the District first asserts that it believes that an expert report is not required because this is an administrative appeal.

Rule 26 provides that some proceedings are exempt from initial disclosures, including "an action for review on an administrative record." Fed. R. Civ. P. 26(a)(1)(B). The District contends that expert disclosures are not required because this is an appeal from an administrative hearing.

As Plaintiff notes, however, this proceeding is not confined to the administrative record. If it was, then the Court's Scheduling Order would not have provided for discovery. But *both parties* requested discovery in this matter.

And the Sixth Circuit has ruled that in these kinds of appeal under the IDEA, the district court is not confined to the administrative record:

> The IDEA mandates that a district court, reviewing an ALJ decision, "(i) shall receive the records of the administrative proceedings; (ii) **shall hear additional evidence at the request of a party**; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(B). **The Sixth Circuit has interpreted the statutory phrase "additional evidence" broadly**, explaining that the term " '[a]dditional,' in its ordinary usage, implies something that is added, or something that exists by way of addition. To 'add' means to join and unite; the limitation on what can be joined inherent in the term 'supplement' is not present in the term 'add.' " *Metro. Bd. of Pub. Educ. v. Guest,* 193 F.3d 457, 463 (6th Cir. 1999) (quoting *Metro. Gov't of Nashville and Davidson County v. Cook,* 915 F.2d 232, 234 (6th Cir. 1990)).
>
> A district court may not, however, admit evidence to rule on issues beyond those presented to the ALJ. *Id.* This approach balances **IDEA's mandate that courts consider additional evidence** with the requirement that the parties exhaust their remedies at the administrative level before presenting an issue to the courts. *Id.*

*Metropolitan Bd. of Public Educ. v. Bellamy,* 116 Fed. App'x 570, 575 (6th Cir. 2004) (bolding

6

added for emphasis).

Plaintiff also directs the Court to the Advisory Committee Notes to Rule 26, that explain that administrative appeals are only exempted when no additional evidence can be presented:

> New subdivision (a)(1)(E) excludes eight specified categories of proceedings from initial disclosure. The objective of this listing is to identify cases in which there is likely to be little or no discovery . . . The exclusion of an action for review on administrative record, for example, is intended to reach a proceeding that is framed as an "appeal" based solely on an administrative record. The exclusion should not apply to a proceeding in a form that commonly permits admission of new evidence to supplement.

2000 Advisory Committee Notes to Rule 26.

Accordingly, the Court agrees with Plaintiff that this action is not exempt from Rule 26 expert disclosures.

Next, the District asserts that it did not "retain" Dr. Lundblad or Ms. Dodge as experts in this case. Those two persons work for a private entity but the District seems to be arguing that they were retained in the prior proceedings and have not yet been retained as experts in this case. This strikes this Court as a rather disingenuous argument.

And regardless of whether these two experts were retained or not, the District would still have to comply with the lesser requirements that apply to non-retained experts. That is, even if they are not retained experts, Rule 26 still requires the District to make an expert disclosure that states the "subject matter on which the witness is expected to" testify, and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

But the expert reports provided by the District in February[1] did not do that.

---

[1] The District asserts that it provided a supplemental report by Dr. Lundblad to Plaintiffs on March 26, 2018, after she had been deposed by Plaintiffs' Counsel, and a supplemental report from Ms. Dodge on the day of the April 5th hearing. Those reports are obviously untimely, as

7

At the April 5, 2018 hearing, Counsel for Plaintiff asked the Court to limit the testimony that may be offered by the District's experts to: 1) the facts and opinions upon which they testified to during the administrative hearing; and 2) the facts and opinions upon which they testified to during their depositions in this case. Given the District's failure to comply with its expert disclosure requirements, the Court shall strike the "expert reports" provided to Plaintiff in this action and shall so limit the expert testimony that may be offered by the District's experts.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that the District's Motion to Compel Examination of Student is DENIED AS MOOT.

IT IS FURTHER ORDERED that the Plaintiff's Motion to Strike the District's Experts and Their Reports is GRANTED to the extent that the Court: 1) STRIKES the expert reports provided by the District in this matter; and 2) RULES that the testimony that may be offered by the District's experts is LIMITED to a) the facts and opinions upon which they testified to during the administrative hearing and b) the facts and opinions upon which they testified to during their depositions in this case.

IT IS SO ORDERED.

                                                  s/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated: April 16, 2018

---

expert reports were due on February 1, 2018.

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 16, 2018, by electronic and/or ordinary mail.

                                    s/Teresa McGovern
                                    Case Manager Generalist