UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A.A. by and through his Parents
and Next Friends, E.A. and M.A.,

    Plaintiff,

v.                                       Civil Case No. 16-14214

Walled Lake Consolidated Schools,     Sean F. Cox
                                                  United States District Court Judge

    Defendant.
_____/

## ORDER ON THE
## DISTRICT'S MOTION FOR RECONSIDERATION

Plaintiff A.A., by and through his Parents and Next Friends, E.A. and M.A., filed this action against Defendant Walled Lake Consolidated Schools (the "District"). The matter recently came before the Court on two discovery motions. In an Opinion & Order issued on April 16, 2018, this Court denied the District's motion seeking to compel an examination of the Student and granted Plaintiff's Motion to Exclude the District's Experts and their Reports, to the extent that the Court struck the "expert reports" provided by the District in this matter and limited the testimony that may be offered by the District's experts to: 1) the facts and opinions upon which they testified to during the administrative hearing; and 2) the facts and opinions upon which they testified to during their depositions in this case. On April 30, 2018, the District filed a Motion for Reconsideration, asking this Court to reconsider its rulings as to the District's experts. The Court heard oral argument on September 12, 2018. For the reasons set forth below, the motion shall be granted, to the extent that the Court shall allow the District to use its experts and their reports – provided that Plaintiffs are given the opportunity to depose them

1

again, at the expense of the District.

## BACKGROUND

The Student and his parents live within the District's geographical boundaries. The Student is a child with Down syndrome and Speech Apraxia.

In May of 2015, the District addressed the Student's placement and services for the 2015-2016 school year. The District's May 2015 IEP placed the Student in a CI classroom for cognitively impaired students at the District's Meadowbrook Elementary School. The Student's Parents disagreed with that IEP and wanted the Student to be placed in a general education classroom at the District's Keith Elementary School.

On April 1, 2016, the District filed for a due process hearing, to resolve the dispute over the Student's placement. The District's due process complaint was forwarded to the Michigan Administrative Hearing System for hearing and was assigned to Administrative Law Judge Kandra Robbins. On September 2, 2016, the ALJ issued her "Decision And Order" (D.E. No. 5-2) wherein she concluded in the District's favor that the Student should be educated in the CI Classroom at Meadowbrook.

On December 1, 2016, Plaintiff filed this action in federal court and Plaintiff later filed an Amended Complaint. Plaintiff challenges the rulings made by the ALJ related to his placement. Plaintiff also brings related, but separate, claims under Title II of the ADA and Section 504 of the Rehabilitation Act.

The Second Scheduling Order, issued in this matter on December 14, 2017, provides, in pertinent part:

WITNESSES. The deadline for identification of all witnesses who may testify at

trial, including expert witnesses, is FEBRUARY 1, 2018 *(Expert disclosure must be accompanied by a written report of the expert as required by Fed. R. Civ. P. 26(a)(2), unless the parties stipulate otherwise, or by leave of Court).*

(D.E. No. 74 at Pg ID 2763) (emphasis added). Thus, this Court's December 14, 2017 Scheduling Order ordered the parties to name their experts and provide expert disclosures on February 1, 2018. The District never asked the court, either during the scheduling conference, or after the Scheduling Order was issued, to alter or modify the requirements regarding experts or expert reports.

On February 1, 2018, Plaintiff filed a Witness List and "Designation of Experts and Disclosure of Expert Testimony" pursuant to Fed. R. Civ. P. 26(a)(2), identifying two experts.

On February 1, 2018, the District filed its Witness List (D.E. No. 77), wherein it identified two "expert witnesses," that it may call at trial: 1) Aubry Dodge; and 2) Dr. Laurie Lundblad. (D.E. No. 77 at Pg ID 2826-27).

On February 2, 2018, the District filed written "Expert Reports" from Dr. Laurie Lundblad and Aubry Dodge, without the signatures of either of the experts. The District later re-filed those same reports on February 8th and 12th, with the signatures of those persons. (D.E. Nos. 81 & 82). Both Dr. Lundblad's report and Ms. Dodge's report state that they are each "compensated at the rate of $225.00 an hour for expert testimony." Neither version of the reports filed by the District contain a summary of the expert's opinions.

On February 15, 2018, Plaintiff filed a motion asking this Court to strike the District's experts and expert reports. Plaintiff's motion noted that Plaintiff's counsel was scheduled to depose Dr. Lundblad on February 27, 2018, and that the District's failure to provide an expert report comporting with Rule 26 would prejudice Plaintiff because Plaintiff's Counsel would

3

depose her without the benefit of an actual expert report from her.

On February 15, 2018, the District filed a "Motion To Compel Physical and Mental Examination" of the Student, which was opposed by Plaintiff.

On March 6, 2018, this Court held a Status Conference with Counsel to discuss the two motions. The Court urged the parties to work cooperatively together and to attempt to resolve the motions without the Court's involvement.

Counsel for the parties, however, did not resolve the motions and so the Court held a hearing on the motions on April 5, 2018. On that same date – two months after it was due – Counsel for the District apparently provided Plaintiff's Counsel with a supplemental report from Ms. Dodge. At the April 5th hearing, the parties advised that the District provided a supplemental report from Dr. Lundblad to Plaintiff's Counsel on March 26, 2018 – after the close of discovery and approximately a month *after* her deposition. Counsel for the District did not file or provide the Court with a copy of either of the supplemental reports, either before or during the April 5th hearing, but did submit it to the Court after the hearing.

On April 13, 2018, Plaintiff filed a "Motion to Hear Additional Evidence Under The IDEA, 20 U.S.C. § 1415(i)(2)." (D.E. No. 100).

In an Opinion & Order issued on April 16, 2018, this Court granted Plaintiff's Motion to Exclude the District's Experts and their Reports, to the extent that the Court struck the "expert reports" provided by the District in this matter and limited the testimony that may be offered by the District's experts to: 1) the facts and opinions upon which they testified to during the administrative hearing; and 2) the facts and opinions upon which they testified to during their depositions in this case. The District's Motion for Reconsideration followed.

**ANALYSIS**

The District asserts that this Court should reconsider its order regarding its experts because: 1) this is a proceeding "exempt from initial disclosure;" 2) because the District was not required to file expert witness reports under Fed. R. Civ. P. 26(a)(2)(B), and fulfilled its obligations under Rule 26(a)(2)(C); and 3) any alleged deficiency in the District's disclosure is excused by substantial justification and/or harmlessness.

In its motion, the District first continues to argue that this is "a proceeding exempt from initial disclosure" under Fed. R. Civ. P. 26. (District's Br. at 5). But Plaintiff's motion challenging the District's experts was not based upon an alleged failure to provide "initial disclosures'"in this action; it was based upon the District's failure to provide its required disclosures of expert testimony.

Fed. R. Civ. P. 26(a) governs "Required Disclosures," and contains separate sections that deal with: 1)"Initial Disclosures" (Fed. R. Civ. P. 26(a)(1)); and 2) "Disclosure of Expert Testimony" (Fed. R. Civ. P. 26(a)(2)).

The "Initial Disclosure" section: 1) lists information that must be provided to the opposing party without awaiting a discovery request; 2) provides that certain proceedings are "exempt *from initial disclosure,*" including "an action for review on an administrative record;" and 3) provides the time period for providing initial disclosures. Fed. R. Civ. P. 26(a)(1)(B) (emphasis added).

The "Disclosure of Expert Testimony" section is separate and distinct from the Initial Disclosure section. Unlike the Initial Disclosure section, it does not state that any actions are exempt from its requirements.

Accordingly, the Court concludes that the District is entirely misplaced in its apparent belief that it is somehow "exempt" from having to provide the required expert disclosures if this case includes a claim for review on an administrative record.

Moreover, even if the Rule contained a provision that exempted expert disclosures in "an action for review on an administrative record," it still would not apply here as this case consists of more than an action for review on an administrative record. In addition to challenging the rulings made by the ALJ related to his placement, Plaintiff also brings related claims under Title II of the ADA and Section 504 of the Rehabilitation Act. Also, as allowed under the provisions of the IDEA, Plaintiffs have asked the Court to hear additional evidence. Thus, this case is not an action for review based solely on the administrative record.

Next, the District asserts that it was not required to file expert witness reports under Fed. R. Civ. P. 26(a)(2)(B) and that it fulfilled its obligations under Rule 26(a)(2)(C).

The District identified both Dr. Lundblad and Ms. Dodge as expert witnesses in this case and provided written expert reports from them stating that each of them are "compensated at the rate of $225.00 an hour for expert testimony."

Nevertheless, the District continues to argue that "neither Dr. Lundblad nor Ms. Dodge were retained or specially employed to provide expert testimony." (District's Br. at 8). The District appears to believe that because those individuals were first hired or retained by the District before the litigation commenced, they should not be considered retained as expert witnesses in this matter, even if they are paid to testify as experts in this action This Court still fails to understand the District's argument.

But even if this Court were to accept that argument, the District would still be required to

comply with the lesser requirements that apply to non-retained experts. That is, even if they are not retained experts, Rule 26 still requires the District to make an expert disclosure that states the "subject matter on which the witness is expected to" testify, and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Those disclosures were due on February 1, 2018.

The record reflects that the District filed two rounds of expert reports by Dr. Lunblad and Ms. Dodge: 1) on February 2, 2018, the District filed written "Expert Reports" from Dr. Laurie Lundblad and Aubry Dodge, without the signatures of either of the experts; 2) the District later re-filed those same reports on February 8th and 12th, with the signatures of those persons. (D.E. Nos. 81 & 82). All of the expert reports filed by the District were late, and most importantly, all of the reports failed to provide a summary of the facts and opinions to which the witness is expected to testify.

Thus, the Court rejects the District's argument that it fulfilled its disclosure obligations under Fed. R. Civ. P. 26(a)(2)(C).

"Although exclusion of late or undisclosed evidence is the usual remedy for noncompliance with Rule 26(a) or (e), Rule 37(c)(1) provides the district court with the option to order alternative sanctions 'instead of' exclusion of the late or undisclosed evidence 'on motion and after giving an opportunity to be heard.'" *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015) (quoting Fed. R. Civ. P. 37(c)). To assess whether a party's omitted or late disclosure is "substantially justified" or "harmless," the Sixth Circuit has adopted a five-factor test that considers: 1) the surprise to the party against whom the evidence would be offered; 2) the ability of that party to cure the surprise; 3) the extent to which allowing the evidence would disrupt the

7

trial; 4) the importance of the evidence; and 5) the nondisclosing party's explanation for its failure to disclose the evidence. *Howe*, 801 F.3d at 747-48.

Although the Court finds the District's explanation for its failure to timely provide the expert reports lacking, the Court finds that after weighing the remaining factors, exclusion should not occur, although remedial measures at the District's expense are necessary.

First, the Court assesses the surprise to Plaintiffs, against whom the evidence is offered. The surprise here arises not from the identity of the District's experts, as the District timely notified Plaintiffs of the experts it intended to use. Rather, the surprise arises from the opinions offered by the District's experts, which were not shared with Plaintiffs until after Plaintiffs had deposed Dr. Lundblad.

The Court also considers the ability to cure the surprise. The District's expert reports have since been provided to Plaintiffs, and the District states that it does not oppose Plaintiffs being able to re-depose Dr. Lundblad if they wish to do so. There is no reason why Plaintiffs could not also depose Ms. Dodge, if they did not already do so.

The Court also evaluates the extent to which allowing the evidence would disrupt the trial. It appears that an evidentiary hearing should be held so that the parties can present additional evidence, and that summary judgment is not the appropriate vehicle for adjudicating the IDEA claim. The Court has not yet scheduled the evidentiary hearing. As such, there will be adequate time to take the depositions of the District's experts if Plaintiff wishes to do so.

Given that expert testimony may be critical in terms of resolving the IDEA claim, the Court also concludes that factor weighs in favor or allowing the evidence.

Considering all of the relevant factors, the Court concludes that the expert reports should not be excluded, especially since the harm can be ameliorated by the District making Dr. Lundblad and Ms. Dodge available for deposition prior to any evidentiary hearing in this matter. The District must bear the expense of those depositions.

**CONCLUSION & ORDER**

For the reasons set forth above, the Court GRANTS the District's Motion for Reconsideration, to the extent that the Court shall allow the District to use its experts and their reports – provided that Plaintiff is given the opportunity to depose them again, at the expense of the District.

IT IS SO ORDERED.

        s/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: September 12, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 12, 2018, by electronic and/or ordinary mail.

        s/Jennifer McCoy
        Case Manager